UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EUGENE SAFFOLD,<br><br>        Petitioner,<br><br>    v.<br><br>RICK HILL, Warden,<br><br>        Respondent. | No.  2:12-cv-3064 JAM DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss on the grounds that the petition falls outside of the scope of this court's habeas corpus jurisdiction and fails to state a cognizable claim for federal habeas corpus relief.

**BACKGROUND**

In 1990, a San Joaquin County Superior Court jury convicted petitioner of murder, robbery with use of a firearm, and assault with use of a firearm.  Thereafter, petitioner was sentenced to twenty-five years to life plus five years in state prison.  In 2009, the Board of Parole Hearings ("Board") denied petitioner parole. On March 20, 2011, petitioner submitted a request to advance his next parole suitability hearing date and listed six changed circumstances, including his completion of a new trade, approximately two additional years clean and sober, and approximately two additional years of rehabilitation.  On March 24, 2011, the Board summarily

1

1  denied his request because petitioner had not submitted any new evidence or information or
2  change in circumstances that warranted further review. In his federal petition for writ of habeas
3  corpus now pending before this court, petitioner claims that the Board's denial of his request to
4  advance his parole suitability hearing date constitutes an abuse of discretion and violates his due
5  process rights. (Pet. at 5 & Mem. of P. & A. at 5-15 & Ex. BB.)

## DISCUSSION

In the pending motion to dismiss, counsel for respondent argues that petitioner's challenge to the Board's decision to deny his request to advance his next parole hearing date fails to state a cognizable claim for federal habeas corpus relief. (Resp't's Mot. to Dismiss (Doc. No. 14) at 4-5.) The court agrees. Even assuming for the sake of argument that this court has jurisdiction over petitioner's claim for relief, in the parole context the United States Supreme Court has held that "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, ___U.S.___, ___, 131 S. Ct. 859, 862 (2011) (citing Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 16 (1979)).

Here, petitioner has not cited any federal authority demonstrating that he did not receive the process he was due, if any, when the Board denied his request to advance his next parole suitability hearing. In fact, District Courts throughout the Ninth Circuit have consistently rejected claims advanced by state prisoners that the Board violates federal law when it denies a petition to advance parole hearings. See Sardella-Lagomarsino v. Swarthout, No. 2:12-cv-1866 TLN KJN P, 2013 WL 1628242 at *3 (E.D. Cal. Apr. 15, 2013) ("if due process does not require an evidentiary review of a decision denying parole . . . then there can be no due process right to an evidentiary review of a decision denying a request to advance a suitability hearing."); Johnson v. Hartley, No. 1:12-cv-02008 LJO SAB (HC), 2013 WL 440990 at *2 (E.D. Cal. Feb. 5, 2013) ("Although there are certain minimal procedural due process protections implicated by a board's decision to deny parole as set forth in the Supreme Court's decision in Swarthout v. Cooke, such decision does not apply to a board's decision not to advance a parole hearing.") (internal citations omitted); Aranda v. Grounds, No. C 12-4578, 2012 WL 5289401 at *2 (N.D. Cal. Oct. 25, 2012)

("petitioner's claims that the Board violated his federal right to due process in denying his application to advance his parole hearing are without merit."); Charity v. Ochoa, CV No. 12-4825 R (AJW), 2012 WL 4471592 at *1 (E.D. Cal. June 15, 2012) ("petitioner's challenge to the Board's decision not to hold his next parole hearing sooner involves only the Board's compliance or non-compliance with state statutes and regulations governing the scheduling of parole suitability hearings, so it does not present a federal question."). This case is no different than those which resulted in the decisions cited above. Accordingly, the court will recommend that respondent's motion to dismiss the pending petition for failure to state a cognizable claim for federal habeas corpus relief be granted.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. No. 14) be granted;

2. Petitioner's application for writ of habeas corpus be dismissed; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule

/////
/////
/////
/////

11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: December 3, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
saff3064.157

4